## Case No. 10,295.

NORDLINGER et al. v. The CATHERINA.

[3 Wkly. Law Gaz. 366.]

District Court, D. New York. May, 1859.

SHIPPING—BILL OF LADING—PLEADINGS.

[Where merchandise is received on board a vessel in good order, as shown by the bill of lading, which contains no exceptions of the perils of the sea, and the cargo is damaged during the voyage, it is incumbent upon the carrier to explain the cause of injury, and in absence of proof tending to exonerate him, a recovery may be had for such injury.]

In admiralty. Libel by Jacob Nordlinger and another against the schooner Catherina for damages for injury to cargo.

This was a libel filed to recover for damages to cargo. It is alleged that in December, 1855, thirty-one bales of merchandise were shipped on board the schooner in good order at Rotterdam, for which the master signed a bill of lading, and that only fifteen bales were delivered, and claimed, damages for the loss of the rest. The answer denied all the allegations of the libel, except that certain merchandise was received on board, said to contain seed, which was stowed in the proper and usual manner and delivered in the same order as received, damages for which the respondent is not liable excepted. The testimony showed that the merchandise was hemp seed. The bill of lading admitted its receipt in good order, and contained no exception of the perils of the seas, but it contained the clause, "Weight and contents unknown." It was proved by the mate of the schooner that the seed was well stowed on the top of the cargo below deck. The sixteen bags were rotted by the steam or sweat of the hold, and the seed came out into the hold, was mixed up with the dirt, &c., in the hold, and was gathered up and put into bags on unloading the vessel, but the libelants refused to receive it in that

condition. The voyage lasted seventy-two days, and the weather was bad. No other proof was given of the loss of the cargo than the testimony of the mate.

Mr. Starr, for libelants.

Bebee, Dean & Donohue, for claimants.

BETTS, District Judge. Held, that the pleadings on both sides are exceedingly curt and uninstructive, and the libel would have been dismissed for omitting to set forth a definite cause of action had not the answer happened to supply its defects by intimating that the merchandise consisted of seed. Joining this concession to the loose suggestions of the libel, the court may be justified in implying that the controversy related to thirty-one bags of some kind of seed, and then admit the bill of lading and other proofs to specify and explain the contract between the parties.

That the testimony of the mate plainly imports that the packages when put on board were in good order and full, and may be invoked by the libelant in corroboration of the admission of the bill of lading, and supplies all the proofs which the claimant could demand extraneous to the bill of lading to remove the effect of the clause of "Weight and contents unknown."

That the cargo then being received in good order, it devolves upon the ship-owner to show from what causes the injury arose, if he would free himself from his positive obligation as common carrier.

That this court has never felt authorized to imply an exoneration of a common carrier by water from responsibility for losses occasioned by perils of the sea when not expressly stipulated by the parties in the contract.

That no proof is given to exonerate the schooner, and the libelant is accordingly entitled to recover.

Decree for libelants, with a reference to compute damages.